IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAWRENCE HAROLD MORGAN, JR.          *
               Petitioner
       v.                                     *     CIVIL ACTION NO. AW-06-2453

STATE OF MARYLAND, et al.                 *
               Respondents.
                        ***

## MEMORANDUM

On June 7, 2005, Petitioner filed a 28 U.S.C. § 2254 action attacking his 1987 convictions in the Circuit Court for Prince George's County, Maryland on counts of first degree murder, robbery with a deadly weapon, and use of a handgun in the commission of a felony. *See Morgan v. State*, Civil Action No. AW-05-1590 (D. Md.). After full briefing by the State and Petitioner, the action was dismissed as time-barred on August 24, 2005. No appeal was filed.

On August 9, 2006, the court received for filing Petitioner's second federal challenge to his 1987 convictions.[1] *See Morgan v. State*, Civil Action No. AW-06-2063 (D. Md.). On August 16, 2006, the Petition was dismissed without prejudice as successive.

On September 20, 2006, Petitioner filed the instant 28 U.S.C. § 2254 action, once again attacking his 1987 convictions. He contends that: (i) he was impermissibly interrogated by police

---

[1]     Petitioner alleged that: (i) the state circuit court issued an erroneous suppression ruling; (ii) his due process rights were violated by the threat of the death penalty; (iii) elements of the alleged crime were not read on the record during the plea hearing; (iv) after his appearance before a state court commissioner he was denied his Sixth Amendment rights during his police interrogation; (v) he received ineffective assistance of post-conviction counsel; (vi) he received ineffective assistance of trial counsel; and (vii) he is entitled to have his post-conviction petition re-opened on the basis of his ineffective assistance of counsel claim. *See Morgan v. State*, Civil Action No. AW-06-2063 (D. Md.) at Paper No. 1. Although that cause of action was filed on 28 U.S.C. § 2255 forms, it was construed as a 28 U.S.C. § 2254 habeas corpus petition attacking Petitioner's 1987 Maryland convictions..

after he invoked his *Miranda* rights; (ii) trial counsel was ineffective; (iii) the state court decision regarding the suppression of his statements was erroneous; and (iv) elements of the alleged crime were not read into the plea record and his defense was prejudiced when he was advised to plead guilty.[2]   Paper No. 1.

The Petition was not accompanied by the $5.00 fee or an indigency motion.   Nonetheless, the filing fee shall be waived.   The Petition shall, however, be dismissed without prejudice.

Title 28 U.S.C. §2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A petitioner may file a second or successive habeas corpus petition only if he or she has moved the appropriate circuit court for an order authorizing the district court to consider his application.  *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). The circuit court must enter an order authorizing the district court to consider any new § 2254 action filed by petitioner.  *See* 28 U.S.C. § 2244(b)(3)(A);[3] *see also In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc).

---

[2]       Petitioner seemingly acknowledges that a number of these grounds are procedurally defaulted.   Paper No. 1 at 6.

[3]       28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

As noted, Petitioner's previous § 2254 application attacking his 1987 convictions was dismissed as untimely. There is no showing that the prior dismissal was erroneously entered. Therefore, that determination would still be considered an "adjudication on the merits," making the instant petition successive.  *See Villanueva v. United States*, 346 F.3d 55, 60 (2$^d$ Cir. 2003), *cert. denied*, 124 S.Ct. 2895 (2004) (Section 2255 motion that is properly dismissed as time-barred constitutes an adjudication on the merits for successive purposes).   There is no showing that Petitioner has complied with the aforementioned "gatekeeper" provision.[4]   Therefore, his § 2254 claims for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).   By separate Order this Petition shall be dismissed without prejudice.[5]

Date: September 26, 2006                                _____/s/_____
                                                        Alexander Williams, Jr.
                                                        United States District Judge

---

[4]      Petitioner claims that the Fourth Circuit has "authorized me to file for relief in the U.S. district court a successive application for relief....."  Paper No. 1 at 4, § 13.  Petitioner is incorrect.  The Fourth Circuit docket indicates that while Petitioner filed a 28 U.S.C. § 2244(b) motion for authorization to file a successive petition on August 28, 2006, the Fourth Circuit has yet to grant or deny the motion.  *See In re: Morgan*, CA-06-492 (4th Cir.)

[5]      In light of this decision, Petitioner's Motion for Appointment of Counsel shall be denied.